## THAMES v. SMITH.  (No. 318.)

(Court of Civil Appeals of Texas.  Waco.
Feb. 18, 1926.)

**1. Deeds ⬧78—On evidence that one seeking to cancel deed because of alleged false representations knew that such representations were untrue, directed verdict for defendant held proper.**

In suit to cancel deed executed in alleged reliance on false representations that plaintiff has no interest in land and that deed was merely a form to clear title, on evidence showing that plaintiff knew he had interest and that such representations were false, directed verdict for defendant *held* proper.

**2. Contracts ⬧94(5).**

One executing contract cannot thereafter defeat or cancel it on ground of misrepresentations which he knew to be false at time of execution.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Suit by J. W. Thames against J. E. Smith. Judgment for defendant, and plaintiff appeals. Affirmed.

R. L. Henderson, of Waco, for appellant. Sleeper, Boynton & Kendall, of Waco, for appellee.

BARCUS, J.  This suit was instituted by appellant, seeking to cancel a deed which he had executed, by which he conveyed to appellee his undivided interest in 220 acres of land located in McLennan county, Tex. The cause was tried to a jury, and at the conclusion of the testimony the trial court instructed the jury to return a verdict for appellee.

[1] The record discloses the following undisputed facts: Littleton Smith and wife, Martha F. Smith, owned the 220 acres of land in controversy, and in 1885 Littleton Smith died intestate, leaving as his survivors his wife and nine children. His wife continued to occupy the property as her homestead until her death in 1921, and at her death she left surviving her said children, or their descendants. In 1888, appellant married Dosia Smith, one of the daughters of Martha F. Smith. Mrs. Thames died in 1891, leaving as her survivors appellant and a boy a few days old, who died when he was about two months old. Shortly after the death of Mrs. Thames, appellee and appellant discussed the question as to whether appellant, by virtue of his having married one of the Smith girls, had any interest in the property. It was the opinion of each of them that he did not, because his wife and boy were both dead, and they each thought that by reason thereof his wife's interest would go to her brothers and sisters. Sometime thereafter, the date not being given, appellee purchased from all of his brothers and sisters, except one, their interest in their father's estate. No effort was made to purchase the interest of appellant. After the mother, Mrs. Smith, died in 1921, all of the brothers and sisters living and the heirs of those who were deceased, including appellant, brought a partition suit against appellee for their respective interests in the homestead property. Before said suit was instituted, Mrs. Taylor, sister-in-law of appellee, being a sister of the original Mrs. Thames, wrote appellant that the lawyers in Waco stated that he had an interest in the property the same as each of the other heirs, and requested that he join them in a partition suit, which he did. Mrs. Taylor then wrote appellant, asking that he execute to her, as the baby girl of the Smith family, a deed to his interest in the estate, or that he convey all of his interest to the three girls. After the partition suit was filed, appellee consulted with his attorney, and for the first time learned that under the law appellant had an interest in the property by reason of his child having survived his mother a few months. Appellee then had his banker write appellant, telling him, in substance, that in order for appellee to get the title to the property clear in him it would be necessary for appellant to execute a deed to him, and stated that appellee would pay him, if he required it, $40 or $50 for his interest in the property. In reply to that letter, appellant wrote that he did not hold anything against the place, and that if appellee needed a deed to clear it up, if he would send or bring him the deed he would promptly sign it. At the time he received this letter from the banker and made the reply thereto, he knew from his sister-in-law, Mrs. Taylor, that he had an interest in and to the property and that suit had been brought to recover same. When appellee received the letter from appellant, he had the deed prepared and went by auto from McLennan county 170 miles to Callahan county for the purpose of having appellant execute the same. He reached appellant's house on Friday night about 8 or 9 o'clock, and appellant testified that the following morning appellee told him he had come for the purpose of having him execute the deed; that his lawyers told him that it was necessary for appellant to execute the deed in order for appellee to get a clear abstract. Appellant testified that Smith told him he did not have any interest in the property, but that the lawyers said appellant would have to execute a deed before he could get a clear abstract; that he told Smith he did not think he had any interest in it because his wife was dead, but that he would execute the deed. Appellee and appellant then went some distance to town, where the deed, which recited a consideration of $1 paid, was properly signed and acknowledged before a notary public,

and appellee asked appellant what he owed him, and appellant testified he answered: "You know what you said in the letter." Appellee then gave appellant a check for $25 and then returned to appellant's home, where he remained until the Monday following, and when urged to stay longer said he would have to hurry home as the land was to be surveyed in two or three days so it could be divided.

After appellant executed and delivered the deed to Smith, one of the Smith girls, Mrs. Ingram, and her husband, went to Callahan county to see appellant and told him that he had an interest in the property and offered to and did pay all of his expenses to Waco and return if he would come with them and discuss it with their lawyer. When he reached Waco, he, with Mrs. Taylor and Mrs. Ingram, did discuss it with their attorney, who had filed the partition suit, and for the first time appellant learned the exact amount of his interest in the property, and that it was worth about $600. He immediately filed this suit to cancel the deed which he had given appellee and offered to return the check, alleging as a ground therefor that appellee had misled him and had misrepresented the facts to him, in that he had told him he had no interest in the property when as a matter of fact appellee knew that he had a one-eighteenth interest therein. Appellant alleged that he relied upon the statements made by appellee; that he had known appellee for 40 years, had married his sister, was a close friend, and had implicit confidence in him; and that he relied upon his representations. He testified he had only seen appellee three times in the last 30 years.

The only question involved is whether there was any issue that should have been submitted to the jury. At the time appellant executed and delivered the deed, he was in possession of all the facts that were known to appellee. He had been told by appellee's banker that appellee's lawyers said he had an interest in the property and that it would be necessary for him to execute a deed in order to clear the title, and he had written that he would execute the deed to appellee if he would bring or send it to him. When the banker wrote said letter, appellant had already received information in several letters from his sister-in-law, Mrs. Taylor, that he had an heir's interest in the property and had been urged to convey his interest to either Mrs. Taylor individually or to his three sisters-in-law, and he had been informed that it

was necessary to bring a lawsuit for a partition of the property and the suit had been filed in his name to recover his interest. Appellee stated that he did not tell appellant that he had no interest but that he told him the lawyers said he had an interest in it. If appellant is correct in his statement that appellee told him he had no interest when he brought the deed out, he knew at the time that the statement was false, because he had been informed by the attorneys who had brought the suit for him, as well as by his sisters-in-law, and also by the banker who wrote him at the instance of appellee, that the lawyers on both sides, as well as all of the children, recognized that he had an interest in the property. Appellee testified that he made no inquiry as to what his interest was or as to its value, and that he executed the deed without making any inquiry with reference thereto. It had been more than 30 years since he had left McLennan county. He had married again and had a family, and on several occasions during the 30 years he had made a statement to different members of the Smith family that he did not claim any interest in or to the Smith property.

[2] We do not think there was any error in the court instructing the jury to find a verdict for appellee. There was no concealment by appellee of any information or facts of which he was in possession that appellant did not already know. The only misrepresentation appellant claims was made was that appellee told him he had no interest in the property. Appellant testified he had at that time information from the attorneys on both sides that he did have, and that he had brought a suit, which was then pending, for his interest. A party who executes a contract cannot thereafter defeat or cancel same on the ground that the party receiving the contract had misrepresented material facts, if as a matter of fact at the time the representations were made and the contract was executed he knew that said representations were as a matter of fact false. A party cannot claim to rely on the truthfulness of representations that he knows at the time are untrue. Wortman v. Young (Tex. Com. App.) 235 S. W. 559; Waggoner v. Zundelowitz (Tex. Com. App.) 231 S. W. 721; Dossett v. Franklin Life Ins. Co. (Tex. Com. App.) 276 S. W. 1097.

We have examined all of appellant's assignments of error, and same are overruled, and the judgment of the trial court is affirmed.